IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES BASS,

    Petitioner,

v.

WANZA JACKSON, Warden,

    Respondent.

Case No. 2:04-cv-507
JUDGE SARGUS
Magistrate Judge KING

## OPINION AND ORDER

On February 18, 2005, the Magistrate Judge issued a *Report and Recommendation* recommending that the petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 be dismissed due to petitioner's failure to establish cause and prejudice for his procedural default in failing to present all of his claims in a timely manner to the Ohio Supreme Court. On April 20, 2005, petitioner filed objections to the *Report and Recommendation*.

Petitioner objects to the Magistrate Judge's conclusion that his claims are procedurally defaulted. Petitioner again argues that the Ohio Supreme Court failed to clearly or expressly rely on the procedural rule at issue in denying petitioner's motion to file a delayed appeal; alternatively, petitioner argues that Ohio's Supreme Court Rule of Practice II, Section 2(A), at issue here, which imposes a 45 day time period for filing appeals to the Ohio Supreme Court and includes a provision for the filing of delayed appeals, is not an "adequate and independent" ground to foreclose federal habeas corpus review of petitioner's claims. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). Petitioner also again argues that he has, in any event, established cause and prejudice for the procedural default of his claims. Petitioner asserts, as cause for his procedural default, the

ineffective assistance of counsel and attorney conflict. Petitioner raises all of the same arguments that were previously presented.

As discussed by the Magistrate Judge, this Court is bound by *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004), in which the United States Court of Appeals for the Sixth Circuit held that the Ohio Supreme Court's entry denying a motion for leave to file a delayed appeal filed pursuant to Ohio Supreme Court Rule of Practice II, Section 2(A)(4)(a), bars federal habeas corpus review of those claims. *Id*. Further, and for the reasons discussed at length in the Magistrate Judge's *Report and Recommendation*, this Court likewise concludes that petitioner has failed to establish cause for the procedural default of his claims.

Pursuant to 28 U.S.C. 636(b)(1), this Court has conducted a *de novo* review of those portions of the *Report and Recommendation* to which petitioner has objected. For the reasons discussed in the *Report and Recommendation*, petitioner's objections are **OVERRULED.**

**The** *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This case is hereby **DISMISSED.** The Clerk is **DIRECTED** to enter final judgment dismissing this case.

**IT IS SO ORDERED.**

4-29-2005
Date

EDMUND A. SARGUS, JR.
United States District Judge