IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES BASS,

        Petitioner,

    v.

WANZA JACKSON, Warden,

        Respondent.

Case No. 2:04-cv-507
JUDGE SARGUS
Magistrate Judge KING

## OPINION AND ORDER

On April 29, 2005, final judgment was entered dismissing petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on petitioner's June 1, 2005, request for a certificate of appealability, and request to proceed *in forma pauperis* on appeal. Doc. Nos. 25, 26. For the reasons that follow, petitioner's request for a certificate of appealability is **DENIED**. Petitioner's request to proceed *in forma pauperis* on appeal also is **DENIED**, without prejudice to renewal.

Petitioner alleges that he is in custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. Petitioner was denied his right to confront adverse witnesses when the trial court admitted the statements of witnesses who did not appear at trial and were not declared to be unavailable.
>
> 2. Petitioner's protection against self incrimination was violated when statements made by petitioner during custodial interrogation were admitted during trial.
>
> 3. Petitioner was denied his right to a fair trial and due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution when there was an unjustifiable delay between the commission of the offense and petitioner's indictment.

> 4. Petitioner was denied the effective assistance of trial counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution when counsel's numerous errors rendered the trial unfair.

On April 29, 2005, this action was dismissed due to petitioner's failure to establish cause or prejudice for the procedural default of all of his claims.

> Where the Court dismisses a claim on procedural grounds, a certificate of appealability
>
> > should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 120 S.Ct. 1595 (2000). Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." The court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id.*

Upon review of the record, the Court concludes that petitioner has failed to establish that reasonable jurists could debate whether the Court was correct in its procedural rulings. *Id.*

Petitioner's request for a certificate of appealability therefore is **DENIED**.

The Court must also consider petitioner's motion for leave to proceed *in forma pauperis* on appeal. Because the filing fee assessment procedures prescribed by the Prison Litigation Reform Act are not applicable to appeals taken in habeas corpus matters, *see Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997), the issue is simply whether petitioner can afford the $255.00 filing fee for an appeal. This Court is unable to make this determination from the record. Petitioner indicates in his motion

to proceed *in forma pauperis*, that he will supplement the motion with financial information and an affidavit, but he has yet to do so. *See* Doc. No. 26. His request for leave to proceed *in forma pauperis* on appeal therefore is **DENIED** without prejudice to renewal upon submission of information regarding his financial status and an affidavit of indigency.

**IT IS SO ORDERED**.

6-23-2005
_____
Date

_____
EDMUND A. SARGUS, JR.
United States District Judge